UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEROME S. RISBY,<br><br>       Plaintiff,<br><br>   v.<br><br>REBECCA HAWLEY, et al.,<br><br>       Defendants. | Case No.  24-cv-06734-JCS<br><br>**ORDER TO SHOW CAUSE WHY CASE SHOULD NOT BE DISMISSED** |

## I. INTRODUCTION

Plaintiff Jerome Risby, pro se, applied to proceed in forma pauperis and the Court granted his application. *See* Docket No. 5. The Court now reviews the sufficiency of Plaintiff's complaint to determine whether it satisfies 28 U.S.C. § 1915(e)(2)(B). Because the complaint does not appear to allege federal jurisdiction, Plaintiff is ORDERED TO SHOW CAUSE why the complaint should not be dismissed. Plaintiff may file either an amended complaint or a response to this order addressing why his complaint is sufficient, no later than **December 19, 2024**. The Case Management Conference set for January 8, 2025 is vacated.

## II. ALLEGATIONS OF THE COMPLAINT[1]

Plaintiff has filed a form complaint in this action, accompanied by a separate "Damages Complaint." The Court considers the two documents, collectively, as the operative complaint ("complaint") and cites to these components of the complaint as either "Form Complaint" or "Damages Complaint." Plaintiff names as defendants Rebecca Hawley, the Rebecca Hawley

---

[1] Because the factual allegations of a plaintiff's complaint are generally taken as true in the context of determining whether the complaint states a claim, this section summarizes Plaintiff's allegations as if true. Nothing in this order should be construed as resolving any issue of fact that might be disputed at a later stage of the case.

1    Trust and two "trustees" of the Rebecca Hawley Trust – the James P. Hawley Trust and the Diana
2    Ehrensaft Trust. Form Compl. at 2. The only conduct alleged in the complaint relates to Rebecca
3    Hawley; the remaining defendants are sued "by proxy." Damages Compl. ¶ 9. The gist of
4    Plaintiff's complaint is that Hawley made false statements to police and in court proceedings,
5    resulting in Plaintiff's wrongful arrest and his eviction from their shared apartment. *See generally*,
6    Damages Complaint and attachments (including 1/29/24 temporary restraining order prohibiting
7    Plaintiff from having any contact with Hawley).

8    On the Form Complaint, Plaintiff has checked the box for "Federal Question Jurisdiction"
9    and lists the following federal statutes that he contends are at issue in this case: 1) 28 U.S. C. §
10   4101 "DEFAMATION"; 2) 42 U.S.C. § 1985 – "DEPRIVATION OF RIGHTS UNDER COLOR
11   OF LAW;" 3) 18 U.S.C. § 241 – "CVIL CONSPIRACY;" 4) 42 U.S.C. §1983 – "MALICE
12   PROSCUSTION" (sic); 5) 42 U.S.C. § 1985(3) – "Depriving Persons of Rights or Privileges." In
13   the Damages Complaint, Plaintiff also lists "RACKETEERING (18 U.S.C. § 1962)" in the caption
14   but there are no substantive allegations relating to this claim in the body of the complaint.

## III.    ANALYSIS

### A.    Legal Standards Under 28 U.S.C. § 1915 and Rule 12(b)(6)

Where a plaintiff is found to be indigent under 28 U.S.C. § 1915(a)(1) and is granted leave to proceed in forma pauperis, courts must engage in screening and dismiss any claims which: (1) are frivolous or malicious; (2) fail to state a claim on which relief may be granted; or (3) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Marks v. Solcum*, 98 F.3d 494, 495 (9th Cir. 1996).

To state a claim for relief, a plaintiff must make "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Further, a claim may be dismissed for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6); *see also Diaz v. Int'l Longshore and Warehouse Union, Local* 13, 474 F.3d 1202, 1205 (9th Cir. 2007). In determining whether a plaintiff fails to state a claim, the court takes "all allegations of material fact in the complaint as true and construe[s] them in the light most favorable to the non-moving party." *Cedars-Sinai Med. Ctr. v. Nat'l League of Postmasters of U.S.*, 497 F.3d 972, 975

(9th Cir. 2007).  However, "the tenet that a court must accept a complaint's allegations as true is inapplicable to legal conclusions [and] mere conclusory statements," *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)), and courts "do not necessarily assume the truth of legal conclusions merely because they are cast in the form of factual allegations." *Coto Settlement v. Eisenberg*, 593 F.3d 1031, 1034 (9th Cir. 2010) (internal quotation marks omitted).  The complaint need not contain "detailed factual allegations," but must allege facts sufficient to "state a claim to relief that is plausible on its face."  *Id*. at 678 (citing *Twombly*, 550 U.S. at 570).

Where the complaint has been filed by a pro se plaintiff, courts must "construe the pleadings liberally . . . to afford the petitioner the benefit of any doubt."  *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010).  "A pro se litigant must be given leave to amend his or her complaint unless it is absolutely clear that the deficiencies in the complaint could not be cured by amendment." *Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987), superseded on other grounds by statute, as recognized in *Lopez v. Smith*, 203 F.3d 1122 (9th Cir. 2000) (en banc).  Further, when it dismisses the complaint of a pro se litigant with leave to amend, "the district court must provide the litigant with notice of the deficiencies in his complaint in order to ensure that the litigant uses the opportunity to amend effectively."  *Id.* (quoting *Ferdik v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir. 1992)).  "Without the benefit of a statement of deficiencies, the pro se litigant will likely repeat previous errors."  *Karim-Panahi v. L.A. Police Dep't*, 839 F.2d 621, 624 (9th Cir. 1988) (quoting *Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987)).

**B.     Discussion**

Federal courts have limited subject matter jurisdiction and may only hear cases falling within their jurisdiction. The two most common forms of federal subject matter jurisdiction are federal question jurisdiction under 28 U.S.C. § 1331 and diversity jurisdiction under 28 U.S.C. § 1332. Diversity jurisdiction exists where all plaintiffs are citizens of different states from all defendants and at least $75,000 is in controversy. Here, Plaintiff asserts that there is federal

question jurisdiction but he has stated no viable federal claim.²

### 1. 28 U.S. Code§ 4101

Plaintiff lists "defamation" as a source of federal jurisdiction, citing 28 U.S.C. § 4101. That provision, however, simply defines the term "defamation" for the purposes of determining when a foreign judgment for defamation may be recognized or enforced by a federal court under 28 U.S.C. § 4102. As this case does not involve any foreign defamation judgment, this provision does not confer federal question jurisdiction in this case.

### 2. 42 U.S. Code§ 1985(3)

Although Plaintiff's complaint includes both general references to 42 U.S.C. § 1985 and specific citations to 42 U.S.C. § 1985(3), Plaintiff consistently characterizes his Section 1985 claim as depriving a person of rights and privileges. As Section 1985(3) is captioned "Depriving persons of rights or privileges[,]" the Court construes Plaintiff's complaint as asserting a single Section 1985 claim under that subsection.

Section 1985(3) provides:

> If two or more persons in any State or Territory conspire or go in disguise on the highway or on the premises of another, for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws; or for the purpose of preventing or hindering the constituted authorities of any State or Territory from giving or securing to all persons within such State or Territory the equal protection of the laws; or if two or more persons conspire to prevent by force, intimidation, or threat, any citizen who is lawfully entitled to vote, from giving his support or advocacy in a legal manner, toward or in favor of the election of any lawfully qualified person as an elector for President or Vice President, or as a Member of Congress of the United States; or to injure any citizen in person or property on account of such support or advocacy; in any case of conspiracy set forth in this section, if one or more persons engaged therein do, or cause to be done, any act in furtherance of the object of such conspiracy, whereby another is injured in his person or property, or deprived of having and exercising any right or privilege of a citizen of the United States, the party so injured or deprived may have an action for the recovery of damages occasioned by such injury or deprivation, against any one or more of the conspirators.

42 U.S.C.A. § 1985.

---

² As the complaint alleges that Plaintiff and all of the named defendants are citizens of California, Form Complaint at 2, there is no diversity jurisdiction in this case.

4

The Supreme Court has held that in order to state a claim under 42 U.S.C. § 1985(3), the following elements must be alleged:

> [A] complaint must allege that the defendants did (1) "conspire or go ... on the premises of another" (2) "for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws." It must then assert that one or more of the conspirators (3) did, or caused to be done, "any act in furtherance of the object of [the] conspiracy," whereby another was (4a) "injured in his person or property" or (4b) "deprived of having and exercising any right or privilege of a citizen of the United States."

*Griffin v. Breckenridge*, 403 U.S. 88, 103 (1971) (quoting 42 U.S.C. § 1985(3)).  To establish the second element, the plaintiff must show that: 1) a protected right has been violated, and 2) the violation was motivated by "an invidiously discriminatory class-based animus." *Life Ins. Co. of N. Am. v. Reichardt*, 591 F.2d 499, 502–03 (9th Cir.1979). Section 1985(3) itself provides no substantive rights. *Great Am. Fed. Sav. & Loan Ass'n v. Novotny*, 442 U.S. 366, 372 (1979). The rights, privileges and immunities that section 1985(3) vindicates must be found elsewhere. *Id.*

Plaintiff's claim under Section 1985(3) fails because he has not alleged sufficient facts to show that the second element is satisfied.  First, he has not demonstrated that a protected right has been violated. Plaintiff alleges generally that Defendants "conspired to deprive Plaintiff of his constitutional rights under the 14th Amendment by orchestrating false allegations, retaliatory wrongful arrest and malice prosecution." Damages Complaint ¶ 14.  However, his complaint does not include specific facts relating to any particular arrest or prosecution and even if it did, a Fourteenth Amendment claim can be established only when a *state actor* acted wrongfully. *See Jackson v. Metro. Edison Co*., 419 U.S. 345, 349 (1974) (holding that Fourteenth Amendment applies only to deprivations by the state and that it "offers no shield" against "private conduct, however discriminatory or wrongful").  Here, it is Hawley – a private individual – who is alleged to have provided false statements to the police and in court proceedings; there is no allegation of improper conduct by a state actor and no state actor is named as a defendant.   Plaintiff's claim fails for the additional reason that he has not alleged that any of the conduct at issue was motivated by class-based discriminatory animus within the meaning of the statute. *See Griffin v. Breckenridge*, 403 U.S. at 102 (holding that "[t]he language requiring intent to deprive of equal

1  protection . . . means that there must be some racial, or perhaps otherwise class-based invidiously
2  discriminatory animus behind the conspirators' action.").

### 3. 18 U.S.C. § 241

In the Form Complaint, Plaintiff lists 18 U.S.C. § 241 as a source of federal jurisdiction. This is a federal criminal statute, however, and Plaintiff does not have standing to bring a civil action under that provision. *See Malberg v. McCracken*, No. 5:22-CV-01713-EJD, 2023 WL 2769095, at *3 (N.D. Cal. Mar. 31, 2023) (holding that there was no federal jurisdiction where the plaintiff asserted claims under three criminal statutes, including 18 U.S.C. § 241, and observing that "[i]t is well-established that 'private individuals lack standing to assert claims for relief based on criminal statutes.' ") (quoting *Redmond v. United States*, No. 22-CV-01107-TSH, 2022 WL 1304472, at *3 (N.D. Cal. May 2, 2022) (listing cases)).

### 4. 42 U.S.C. §1983

"To prevail on a malicious prosecution claim under 42 U.S.C. § 1983, a plaintiff must: (1) satisfy the state law elements of malicious prosecution; and (2) demonstrate that the conduct complained of deprived him or her of an existing federal constitutional or statutory right and was committed by a state actor or a person acting under color of state law." *Peterson v. Porter*, No. 3:16-CV-01955-JR, 2018 WL 7078667, at *11 (D. Or. Nov. 1, 2018), report and recommendation adopted, No. 3:16-CV-01955-JR, 2019 WL 267704 (D. Or. Jan. 18, 2019), aff'd, 805 F. App'x 522 (9th Cir. 2020). In California, to prevail on a malicious prosecution claim, a plaintiff must "plead and prove that the prior proceeding commenced by or at the direction of the malicious prosecution defendant, was: (1) pursued to a legal termination favorable to the plaintiff; (2) brought without probable cause; and (3) initiated with malice." *Womack v. Cnty. of Amador*, 551 F. Supp. 2d 1017, 1031 (E.D. Cal. 2008) (citing *Villa v. Cole*, 4 Cal.App.4th 1327, 1335 (1992); *Sagonowsky v. More*, 64 Cal.App.4th 122, 128 (1998)).

Here, Plaintiff does not specifically identify in his complaint the prosecution upon which this claim is based. Nor does he allege any facts suggesting that he pursued any prosecution to a legal termination that was favorable to him. Finally, as discussed above, he has alleged no wrongful conduct on the part of any state actor. Therefore, he has not stated a viable Section 1983

1  claim based on malicious prosecution.

### 5. Racketeer Influenced and Corrupt Organizations Act (RICO)

RICO imposes civil liability on persons and organizations engaged in a "pattern of racketeering activity." 18 U.S.C. 1962(c). "Racketeering activity" includes various criminal acts (e.g., "murder, kidnapping, gambling, arson, robbery, bribery, extortion, dealing in obscene matter, or dealing in a controlled substance") and violations of certain criminal statutes. 18 U.S.C. 1961(1). The elements of a civil RICO claim are: "(1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity (known as 'predicate acts') (5) causing injury to the plaintiff's 'business or property.' " *Grimmett v. Brown*, 75 F.3d 506, 510 (9th Cir. 1996). A RICO plaintiff must also meet the heightened pleading standard under Rule 9(b) of the Federal Rules of Civil Procedure as to predicate acts based on fraud or misrepresentation, requiring that "the pleader must state the time, place, and specific content of the false representations as well as the identities of the parties to the misrepresentation." *Alan Neuman Prods., Inc. v. Albright*, 862 F.2d 1388, 1392–93 (9th Cir. 1988).

As discussed above, Plaintiff lists RICO in the caption of his Damages Complaint. His complaint contains no allegations referencing RICO, however, and the allegations in the complaint do not address the elements of any RICO claim. Therefore, Plaintiff has not stated a RICO claim for the purposes of establishing federal jurisdiction.

## IV.   CONCLUSION

For the reasons discussed above, Plaintiff is ORDERED TO SHOW CAUSE why this case should not be dismissed on the basis he has asserted no viable federal claim and therefore there is no federal jurisdiction. Plaintiff may respond by filing either an amended complaint that addresses the deficiencies discussed above or a response that addresses why his current complaint is sufficient. Plaintiff's response shall be filed by **December 19, 2024.** If Plaintiff does not file a response by that date, the case will be reassigned to a United States district judge with a recommendation that it be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).

Any amended complaint must include the caption and civil case number used in this order (24-cv-06734) and the words FIRST AMENDED COMPLAINT on the first page. Because an

amended complaint completely replaces the previous complaint, any amended complaint may not incorporate claims or allegations of Plaintiff's original complaint by reference, but instead must include all of the facts and claims Plaintiff wishes to present and all of the defendants he wishes to sue.

Plaintiff, who is not represented by counsel, is encouraged to consult with the Federal Pro Bono Project's Legal Help Center in either of the Oakland or San Francisco federal courthouses for assistance. Appointments can be made by calling (415) 782-8982 or emailing federalprobonoproject@sfbar.org. Lawyers at the Legal Help Center can provide basic assistance to parties representing themselves but cannot provide legal representation.

**IT IS SO ORDERED.**

Dated: November 22, 2024

JOSEPH C. SPERO
Chief Magistrate Judge

8